AO 442 (Rev. 11/11) Arrest Warrant



FILED

SEP 10 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

# UNITED STATES DISTRICT COURT
### for the
### District of Puerto Rico

|  |  |
|---|---|
| United States of America<br>v.<br><br>[3] Jovanda R. Patterson<br>a/k/a Jo a/k/a Jojo<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case No.  19- 541 (FAB)<br><br>1:19mj) 00171 SKO |

## ARREST WARRANT

To:     Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Jovanda R. Patterson
                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

    Count Thirteen 18 U.S.C. § 208 Acts Affecting Personal Financial Conflicts of Interest
    Counts Fourteen to Fifteen 18 U.S.C. § 1343 Wire Fraud

Date:   9/3/19

City and state:   San Juan, PR

                                                *Issuing officer's signature*

                                   Judge Hon. Marshal D. Morgan
                                      *Printed name and title*

| Return |
|---|
|     This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ .<br><br>Date: _____                                   _____<br>                                            *Arresting officer's signature*<br><br>                                            *Printed name and title* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| v. | CRIMINAL NO. 19- 541 (FAB) |
| **[1] Ahsha Nateef Tribble,**<br>**(Counts One to Ten )** | CRIMINAL VIOLATIONS:<br>Count 1: 18 U.S.C. §§ 371, 201(b)(1)(A) and<br>(b)(2)(A) |
| **[2] Donald Keith Ellison,**<br>**(Counts One to Six, Eleven and Twelve )** | Counts 2 to 5: 18 U.S.C. §§ 1343, 1346<br>Count 6: 18 U.S.C. § 1040<br>Counts 7 to 10: 18 U.S.C. § 1952(a)(3) |
| **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo,**<br>**(Counts Thirteen, Fourteen, Fifteen)** | Counts 11 to 12: 18 U.S.C. § 1001<br>Count 13: 18 U.S.C. § 208<br>Counts 14 to 15: 18 U.S.C. § 1343 |
| Defendants. | FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES:**

Unless otherwise specified, at all times relevant to this Indictment:

## I.  GENERAL ALLEGATIONS

1.      Category 4 Hurricane Maria made landfall in Puerto Rico on September 20, 2017.

2.      On that same day, President Donald Trump issued a major disaster declaration for Puerto Rico because of the damage resulting from Hurricane Maria. That declaration, issued pursuant to the Stafford Act, was designated as FEMA-4339-DR.

## DEFENDANTS

3.          At all times material to this Indictment and starting in or about October 2017, defendant **[1] Ahsha Nateef Tribble**, was a Federal Emergency Management Agency (FEMA), Region II, Deputy Regional Administrator, assigned to work in Puerto Rico as part of FEMA's response to Hurricane Maria.

4.          From in or about October 2017 to in or about September 2018, defendant **[1] Ahsha Nateef Tribble** was Sector Lead for Power and Infrastructure in Puerto Rico and part of the Office of the FEMA Federal Coordinating Officer in Puerto Rico as Recovery Office Deputy Director – Infrastructure Directorate/Disaster Recovery Manager.

5.          At all times material to this Indictment and starting in or about October 2017 to in or about June 2019, defendant **[2] Donald Keith Ellison** was President of Cobra Acquisitions, LLC.

6.          At all times material to this Indictment, and starting in or about October 2017 and up until March 2018, defendant **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, was a FEMA Deputy Chief of Staff, assigned to San Juan, Puerto Rico. **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** resigned from her position with FEMA on or about July 2018.

## RELEVANT INDIVIDUALS, ENTITIES, AND PROGRAMS

### PREPA

7.          Hurricane Maria extensively damaged Puerto Rico's electric power system.

8.          At all times relevant to this Indictment, Puerto Rico Electric Power Authority ("PREPA") was an electric power company and the government-owned corporation of Puerto Rico

responsible for electricity generation, power distribution and power transmission on the island. PREPA was the sole provider of electricity for 1.5 million residential, commercial, and industrial clients in Puerto Rico.

9.      PREPA was created in 1941 as a public corporation and governmental instrumentality of Puerto Rico by Act No. 83 of May 2, 1941, as amended. Pursuant to Act No. 83, among PREPA's powers were the capability to contract to acquire supplies and services.

10.      At the time when Hurricane Maria hit Puerto Rico, PREPA was in a deteriorated financial condition, and earlier that year, on July 2, 2017, a petition to adjust PREPA's substantial debts had been filed before the United States District Court for the District of Puerto Rico pursuant to Title 48, United States Code, Section 2164.

**COBRA**

11.      Cobra Acquisitions, LLC ("COBRA") was a limited liability company organized and existing under the laws of the State of Delaware. It had a place of business in Oklahoma City, Oklahoma.

12.      COBRA was a wholly owned subsidiary of Mammoth Energy Services, Inc., with a place of business in Oklahoma City, Oklahoma.

13.      Cobra Energy LLC and Cobra Logistics Holdings, LLC are both affiliates of COBRA and wholly owned subsidiaries of Mammoth Energy Services, Inc.

**FEMA**

14.      Once the President declares that an emergency or major disaster exists, the Federal Emergency Management Agency ("FEMA") can provide assistance. FEMA coordinates

the federal government's role in preparing for, preventing, mitigating the effects of, responding to, and recovering from all domestic disasters, whether natural or man-made, including acts of terror.

15.     Pursuant to Major Disaster Declaration FEMA-4339-DR, FEMA was authorized to provide Individual Assistance (IA), Public Assistance (PA) and Hazard Mitigation (HM) to Puerto Rico.

16.     FEMA assisted eligible individuals and households who sustained losses due to disasters through its IA programs.

17.     FEMA assisted State, Territorial, Indian Tribal, and local governments and certain types of private nonprofit organizations through its PA Program. Through the PA Program, FEMA provided supplemental Federal disaster grant assistance for debris removal, emergency protective measures, and the restoration of disaster-damaged, publicly owned facilities and the facilities of certain private nonprofit organizations. The PA Program also encouraged protection of these damaged facilities from future events by providing assistance for hazard mitigation measures.

18.     FEMA processed PA grant funding according to the type of work the applicant undertook. Eligible work had to be required as a result of the declared incident, be located in the designated area, be the legal responsibility of the applicant, and be undertaken at a reasonable cost. Eligible applicants included states, federally recognized tribal governments (including Alaska Native villages and organizations so long as they were not privately owned), U.S. territories, local governments, and certain private non-profit (PNP) organizations. Puerto Rico was an eligible Applicant.

Page **4** of **48**

19.      FEMA Region II served the states of New Jersey and New York, the Commonwealth of Puerto Rico, the territory of the U.S. Virgin Islands and eight Tribal Nations.

## OFFICIAL ACTS OF AHSHA NATEEF TRIBBLE

20.      As Deputy Regional Administrator for FEMA, Region II, defendant **[1] Ahsha Nateef Tribble's** duties and responsibilities included but were not limited to, the following:

   a. planning, directing, and coordinating all programs, projects, and activities in the region;

   b. making day-to-day operational management decisions, with signatory authority on matters not requiring the Regional Administrator's review; and

   c. providing oversight and support in disaster preparedness, response and recovery activities and disaster assistance in accordance with the Stafford Act, when emergency or major disaster is declared by the President, including damage assessment, mitigation assistance, and overall coordination of Federal, State, Local, tribal, private, and volunteer response efforts.

21.      From in or about October 2017 to in about September 2018, defendant **[1] Ahsha Nateef Tribble** was Sector Lead for Power and Infrastructure in Puerto Rico (Sector Lead) as part of FEMA's response to Hurricane Maria.  She was also designated as Recovery Office Deputy Director – Infrastructure Directorate/Disaster Recovery Manager (Recovery Manager) in the Office of the FEMA Federal Coordinating Officer in Puerto Rico.  Her official duties as Recovery Office Deputy Director – Infrastructure Directorate included, but were not limited to,

Page 5 of 48

approval of requisition for supplies and services and approval of Public Assistance Project Worksheets up to $200,000,000.00.

22.    As Deputy Regional Administrator, Sector Lead, and Recovery Manager, defendant [1] **Ahsha Nateef Tribble** was a "public official" within the definition of Title 18, United States Code, Section 201(a)(1), and as such, [1] **Ahsha Nateef Tribble** owed a fiduciary duty to both FEMA and the American public.

23.    Public officials within the executive branch owe a fiduciary duty to the United States and its citizens to perform the duties and responsibilities of their offices free from deceit, fraud, concealment, bias, self-enrichment, and self-dealing.

24.    As a FEMA employee, [1] **Ahsha Nateef Tribble** was aware of the general prohibition on that she could not, directly or indirectly solicit or accept a gift from a prohibited source; or solicit or accept a gift to be given because of her official position. 5 C.F.R. § 2635.202(a) and (b). A prohibited source means any person who is seeking official action by the employee's agency; does business or seeks to do business with the employee's agency; conducts activities regulated by the employee's agency; has interests that may be substantially affected by the performance or nonperformance of the employee's official duties; or is an organization a majority of whose members are described in paragraphs (d)(1) through (4) of 5 C.F.R. § 2635.203(d).

Page **6** of **48**

## COBRA CONTRACTS

### First COBRA Contract

25.    On or about October 19, 2017, PREPA, represented by its then Executive Director, and COBRA, signed a contract identified as "Emergency Master Service Agreement for PREPA's Electrical Grid Repairs – Hurricane Maria", (hereinafter referred to as the "First COBRA Contract").    Cobra was represented by Individual A in the First COBRA Contract.

     a.   Article 1 of the First COBRA Contract required that COBRA provide labor, supervision, tools, equipment, and materials necessary to perform the storm restoration services at various locations in PREPA's service areas.

     b.   As compensation for services rendered under the contract, PREPA and COBRA agreed (Article 3) that the total amount to be paid under the contract would not exceed $200,000,000.00.

     c.   Article 3 also provided that PREPA would only pay for services rendered by the invoice date and would not be required to make advance payments for any future service to be rendered by COBRA.

     d.   Article 4.3 established that the contract would be in effect for a period of twelve months beginning on the date on which the contract was signed and COBRA received the deposit amount of $15,000,000.00, as set forth by Exhibit B of the First COBRA Contract.

     e.   Pursuant to Article 21 of the First COBRA Contract, COBRA had the continuous obligation to disclose to PREPA all information and circumstances of its relations with clients and third persons and any interest which could reasonable influence PREPA when executing the contract or during its term.  COBRA was to avoid even the appearance of the existence of conflicting interests.

     f.   In Article 29 of the First COBRA Contract, COBRA acknowledged that starting on October 25, 2017, FEMA financial assistance would be used to fund the contract.

26.    On or about  November 1, 2017, PREPA represented by its then Executive Director, and COBRA, represented by Individual A, signed Amendment No. 1 to the First COBRA

contract, which amended Articles 59(a) and 68. Except as set forth in Amendment No. 1, the First COBRA Contract remained in full force and effect in accordance with its terms.

27.        On or about December 8, 2017, PREPA, represented by its then Executive Director, and COBRA, represented by Individual A, signed Amendment No. 2 to the First COBRA Contract, to add Article 71. Except as set forth in Amendment No. 2, the First COBRA Contract remained in full force and effect in accordance with its terms.

28.        On or about December 21, 2017, PREPA represented by its then Executive Director, and COBRA, represented by Individual A, signed Amendment No. 3 to the First COBRA Contract, which further amended Article 59. Except as set forth in Amendment No. 3, the First COBRA Contract remained in full force and effect in accordance with its terms.

29.        On or about December 22, 2017, FEMA determined (in an Eligibility Determination Memorandum, Applicant, PA ID 000-UA2QU-00, FEMA-4339-DR-PR, Project Worksheet 00251) that the costs incurred by PREPA under the First COBRA Contract, up to $200,000,000.00, were reasonable. A Project Worksheet (PW) is the form FEMA uses to document the details of an Applicant's project, including location, damage description and dimensions, scope of work, and costs incurred or expected.

30.        On or about January 28, 2018, PREPA represented by its then Executive Director, and COBRA, represented by Individual A, signed Amendment No. 4 to the First COBRA Contract, which amended it in several respects, including but not limited to, amendments to Articles 3, 14 and 39, the addition of Articles 72 and 73, and the inclusion of other certifications required from COBRA. The amendment to Article 3 was to increase the total amount to be paid

under the contract, which after Amendment No. 4, could not exceed $445,429,800.00. COBRA also warranted in Amendment No. 4 that the scope of work as provided under the First COBRA Contract and its Amendments was performed consistent with all applicable FEMA laws, regulations, and eligibility guidelines and only included work eligible for FEMA reimbursement assistance. Except as set forth in Amendment No. 4, the First COBRA Contract remained in full force and effect in accordance with its terms.

31.     On or about  February 27, 2018, PREPA represented by its then Executive Director, and COBRA, represented by Individual A and defendant **[2] Donald Keith Ellison** as President, signed Amendment No. 5 to the First COBRA Contract, which amended it in several respects, including but not limited to, an amendment to Article 3. The amendment to Article 3 was to increase the total amount to be paid under the contract, which after Amendment No. 5, could not exceed $945,429,800.00. Except as set forth in Amendment No. 5, the First COBRA Contract remained in full force and effect in accordance with its terms.

**Second COBRA Contract**

32.     On or about March 26, 2018, PREPA, represented by its then Chief Executive Officer/Executive Director, and COBRA, represented by Individual A, signed a contract identified as Master Service Contract for PREPA's Electrical Grid Repairs Hurricane Maria, hereinafter referred to as Second COBRA Contract.

> a. Article 1 of the Second COBRA Contract required that COBRA provide labor, supervision, tools, equipment, and materials necessary to perform the hurricane restoration and reconstruction services at various locations in PREPA's service areas.

b. As compensation for services rendered under the contract, PREPA and COBRA agreed (Article 3) that the total amount to be paid under the contract could not exceed $900,000,000.00.

c. Article 3 also provided that PREPA would only pay for services rendered by the invoice date and would not be required to make advance payments for any future service to be rendered by COBRA.

d. Article 4.3 established that the contract would be in effect until May 25, 2019.

e. Pursuant to Article 21 of the Second COBRA Contract, COBRA had the continuous obligation to disclose to PREPA all information and circumstances of its relations with clients and third persons and any interest which could reasonably influence PREPA when executing the contract or during its term. COBRA was to avoid even the appearance of the existence of conflicting interests.

f. Article 53(N) of the Second COBRA Contract provided that PREPA was "using Federal grant funding awarded or administered by FEMA to the Government of Puerto Rico and/or PREPA to pay, in full, for the costs incurred under this Contract. As a condition of FEMA funding under major disaster declaration FEMA-4339-DR-PR, FEMA requires the Government of Puerto Rico and PREPA to provide various financial and performance reporting. The Contractor agrees to provide all information, documentation, and reports necessary to satisfy these reporting requirements. Failure by the Contractor to provide information necessary to satisfy these reporting requirements may result in loss of Federal funding for this Contract, and such failure shall be a material breach of this Contract."

## RFP-77844

33.         On or about February 16, 2018, PREPA announced a Request for Proposal (RFP) to obtain electric system restoration services. The closing date of the RFP was March 2, 2018. The RFP, identified as Request for Proposal 77844 Electric System Restoration Services, intended to procure services from one or more contractors for a term of one year. The purpose of the RFP was to contract qualified electric utility asset reconstruction companies to provide

restoration services for PREPA during the remaining period of Hurricane Maria' Electric System

Restoration and Reconstruction period, and the 2018 hurricane season.

34.       Multiple companies submitted proposals in response to RFP-77844.   On or

about March 29, 2018, the Evaluation Committee designated by PREPA, recommended three of

the companies submitting proposals as companies PREPA should consider contracting.   COBRA

was one of the three companies selected.

### COUNT ONE
### Conspiracy to Commit Bribery
### Title 18, United States Code, Section 371

35.       The allegations in Paragraphs 1 through 34 of this Indictment are hereby re-

alleged and incorporated herein.

36.       From in or about October 2017 to in or about April 2019, within the District of

Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] Ahsha Nateef Tribble,**
**[2] Donald Keith Ellison,**

the defendants, and others known and unknown, willfully and knowingly combined, conspired,

confederated, and agreed together and with each other to commit offenses against the United

States, to wit, violations of Title 18, United States Code, Sections 201(b)(1)(A) and 201(b)(2)(A).

### OBJECTS OF THE CONSPIRACY

37.       It was a part and an object of the conspiracy that **[2] Donald Keith Ellison,**

directly and indirectly, would and did corruptly give, offer, and promise a thing of value to a public

official, namely **[1] Ahsha Nateef Tribble**, with intent to influence an official act, in violation of

Title 18, United States Code, Section 201(b)(1)(A).

38.      It was further a part and an object of the conspiracy that **[1] Ahsha Nateef Tribble**, being a public official, directly and indirectly, would and did corruptly demand, seek, receive, accept, and agree to receive and accept a thing of value from **[2] Donald Keith Ellison**, in return for **[1] Ahsha Nateef Tribble** being influenced in the performance of any official act, in violation of Title 18, United States Code, Section 201(b)(2)(A).

39.      It was a purpose of the conspiracy for defendant **[2] Donald Keith Ellison** to give, offer, promise, and agree to give, offer, and promise things of value to **[1] Ahsha Nateef Tribble**, and for **[1] Ahsha Nateef Tribble** to demand, seek, receive, accept and agree to receive and accept items of value from defendant **[2] Donald Keith Ellison**, to influence **[1] Ahsha Nateef Tribble's** performance of official acts as a FEMA employee, particularly as Deputy Regional Administrator, Sector Lead, and Recovery Manager, in connection to COBRA's contracts with PREPA related to electric power grid restoration after Hurricane Maria.   In return, **[2] Donald Keith Ellison** would promise, offer and give **[1] Ahsha Nateef Tribble** a stream of things of value, including airfare, ground transportation, helicopter flights, hotel rooms, meals, entertainment expenses for **[1] Ahsha Nateef Tribble** and another individual at the suggestion and behest of **[1] Ahsha Nateef Tribble**, employment for an individual at the behest of **[1] Ahsha Nateef Tribble**, and personal security services for **[1] Ahsha Nateef Tribble**.

## MANNERS AND MEANS OF THE CONSPIRACY

The conspiracy was accomplished through the following manners and means:

40.     It was part of the conspiracy that **[1] Ahsha Nateef Tribble** solicited and obtained, both directly and indirectly, for personal gain, things of value from **[2] Donald Keith Ellison**.

41.     It was further part of the conspiracy that **[2] Donald Keith Ellison** directly or indirectly gave, offered, and promised things of value to **[1] Ahsha Nateef Tribble**.

42.     The things of value promised and given directly and indirectly to **[1] Ahsha Nateef Tribble** by **[2] Donald Keith Ellison** included the following:

    a.  A helicopter tour over Puerto Rico on or about February 7, 2018;

    b.  Assistance procuring a place to live in New York in or about February 2018;

    c.  The negotiation and hiring of **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** by Cobra Energy;

    d.  starting in or about March 2018 and culminating in July 2018;

    e.  Hotel accommodations in Fort Lauderdale, Florida on or about July 17 to July 18, 2018;

    f.  Airfare from Miami to Orlando for travel on or about July 20, 2018;

    g.  First class airfare from San Juan to New York for travel on or about September 22, 2018;

    h.  Personal security services in or about November to December 2018;

    i.  Roundtrip airfare from Washington DC to Charlotte for travel on or about November 29, 2018 to November 30, 2018;

    j.  Hotel accommodations in Charlotte on or about November 29-30, 2018;

Page **13** of **48**

k.  Access to and the use of the credit card of **[2] Donald Keith Ellison;** and

l.  Access to and the use of an apartment located in San Juan, Puerto Rico.

43.    It was further part of the conspiracy that **[1] Ahsha Nateef Tribble**, who in exchange for the receipt of things of value from **[2] Donald Keith Ellison**, performed official acts through her FEMA employment to advance COBRA's interests and secure favorable treatment for COBRA as needed and as specific opportunities arose in connection with the contracts signed between PREPA and COBRA, the payment of work billed under the contracts, and work assigned by PREPA to COBRA pursuant to those contracts.

44.    It was further part of the conspiracy that **[1] Ahsha Nateef Tribble**, in exchange for receiving things of value from **[2] Donald Keith Ellison**, performed official acts as needed and as specific opportunities arose on behalf of COBRA, including but not limited to, influencing, providing advice to, and exerting pressure on PREPA executives, including but not limited to the Chief Executive Officer, and Directors of different PREPA divisions, so that PREPA would accelerate payments to COBRA, assign tasks to COBRA instead using PREPA employees, and use COBRA in restoration tasks to the exclusion of other contractors.

45.    It was further part of the conspiracy that **[1] Ahsha Nateef Tribble**, in exchange for receiving things of value from **[2] Donald Keith Ellison**, performed official acts as needed and as specific opportunities arose on behalf of COBRA, including but not limited to, influencing, providing advice to, and exerting pressure on FEMA employees concerning FEMA procedures for the approval of FEMA reimbursement assistance for COBRA work under the First and Second COBRA Contracts with PREPA.

46.     It was further part of the conspiracy that as needed and as specific opportunities arose **[1] Ahsha Nateef Tribble** regularly provided **[2] Donald Keith Ellison** with information she obtained through her position as FEMA Deputy Regional Administrator, Sector Lead, and Recovery Manager, providing COBRA with information not readily accessible to it through other means.

47.     The official acts performed by **[1] Ahsha Nateef Tribble** in exchange for things of value from **[2] Donald Keith Ellison** included the following:

    a.   On or about December 23, 2017, **[1] Ahsha Nateef Tribble** took official action to cause a letter to be sent from FEMA's Federal Coordinating Officer to the Puerto Rico Government's Authorized Representative informing that FEMA had determined the costs under the Cobra contract with PREPA to be reasonable.

    b.   On or about February 11, 2018, **[1] Ahsha Nateef Tribble** directed, advised, and pressured PREPA executives to utilize Cobra personnel to repair damage to the Monacillos substation.

    c.   From in or about March 2018 to November 2018, **[1] Ahsha Nateef Tribble** directed, advised, and exerted pressure on PREPA executives and FEMA officials to take action for Local Redevelopment Authority for Naval Station Roosevelt Roads ("LRA") to enter into an agreement with PREPA for Cobra to perform repair work at Roosevelt Roads.

    d.   From in or about January 2018 to October 2018, **[1] Ahsha Nateef Tribble** directed, advised, and exerted pressure on PREPA executives to accept the

Page **15** of **48**

specifications of a COBRA design for the electric power distribution system in

Vieques and to engage COBRA in the execution of the proposed redesign.

48.     It was further part of the conspiracy that to conceal their actions, **[1] Ahsha Nateef Tribble** frequently communicated and corresponded with **[2] Donald Keith Ellison** using her private email account, her private cellular number, a disposable prepaid cellular number, Apple iMessages, SMS texts, and photographs, rather than through her FEMA issued email account or FEMA issued cellular telephone.

49.     It was further part of the conspiracy that **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** concealed and attempted to conceal **[1] Ahsha Nateef Tribble's** receipt and acceptance of things of value from **[2] Donald Keith Ellison** by paying with credit cards in the name of **[2] Donald Keith Ellison** in his personal capacity or as COBRA President.

## OVERT ACTS

In furtherance of the conspiracy, the following overt acts, among others, were committed:

50.     On December 8, 2017, **[2] Donald Keith Ellison,** through his work email address, at \*\*\*\*\*\*\*\*@mammothenergy.com, sent **[1] Ahsha Nateef Tribble** an email, through \*\*\*\*\*.\*\*\*\*\*\*\*@fema.dhs.gov, requesting a status of the legal review and asked her, *"Are you in a position as we spoke to go on the record?"*

51.     On December 8, 2017, **[1] Ahsha Nateef Tribble** responded to **[2] Donald Keith Ellison's** email,

> *"FEMA lawyers finished the review and sent questions back to PREPA yesterday and followed up with a phone call.....FEMA public assistance team is analyzing all*

Page **16** of 48

*the cost reasonableness information we have with our HQ.....I worked with the PR Governor yesterday on what we need from PREPA to process invoices and asked that PREPA communicate with you on their process. Obviously that did not happen. I am heading to PREPA at 9am. I will follow up."*

52. On January 25, 2018, defendant **[1] Ahsha Nateef Tribble** sent an email from her personal account, through \*\*\*\*\*\*\*\*3@gmail.com, to **[2] Donald Keith Ellison's** work email address, at \*\*\*\*\*\*\*\*@mammothenergy.com, stating, *"Hey, Need to get this squared away. Can always change it. Also there are rooms at the Conrad (Battery Park) and the W. Hamilton? Let's talk today. AT*

| | | |
|---|---|---|
| *Jan 31* | | *Feb 2* |
| *(You)* | *(ME)* | *(US)* |
| *DL922/DL2418* | *DL4755* | *DL485* |
| *SJU to LGA* | *DCA-LGA* | *JFK to SJU* |
| *(nonstop)* | | |
| *8am-2:48pm* | *2:00p – 3:25p* | *8am – 1:05pm"* |

53. On or about February 7, 2018, **[2] Donald Keith Ellison** provided **[1] Ahsha Nateef Tribble** and another person associated with **[1] Ahsha Nateef Tribble** a helicopter tour of certain areas of Puerto Rico.

54. On February 9, 2018, defendant **[1] Ahsha Nateef Tribble**, at \*\*\*\*\*.\*\*\*\*\*\*\*@fema.dhs.gov, received an email from a PREPA consultant, Individual B, with the subject line being "Submission: Cobra Contract Amendment No.5 Review Request", stating

*"I have attached the Amendment No. 5 to the Cobra contract for OCPC's review and comment. This amendment increases the contract ceiling to allow for Cobra's procurement of necessary materials in support of electric grid restoration and provides language guiding such material procurements. Additionally, the amendment provides a vehicle to rapidly expand restoration staffing under a PREPA contract in the event it becomes necessary to maintain required levels of*

*effort under the current restoration plan. Please review the included 20 attachments (numbered 00-19) as you consider this amendment, and please contact us at any time with questions or to request additional documentation as needed. We recognize that this amendment will require FOMB review, and we will begin preparation of materials in anticipation of that submission."*

55. On February 9, 2018, [1] **Ahsha Nateef Tribble** forwarded the above referenced email, through *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com. On February 9, 2018, defendant [1] **Ahsha Nateef Tribble** forwarded the email, through ********3@gmail.com to [2] **Donald Keith Ellison**, at ********@mammothenergy.com.

56. On February 11, 2018, defendant [1] **Ahsha Nateef Tribble** sent an email, through ********3@gmail.com, to [2] **Donald Keith Ellison**, at *********5@gmail.com, and among the topics covered was her request for assistance in procuring a place to live in New York and prioritizing her needs as to location, safety, and furnishings. On February 14, 2018, [2] **Donald Keith Ellison** responded, *"Yes ma'am, I got it and have somebody on it already."*

57. On February 11, 2018, an explosion occurred at the PREPA Monacillos transmissions center. That explosion left several municipalities without electric power. Despite the representations of PREPA executives that PREPA could repair the damages at the Monacillos transmissions center and that the costs associated with using COBRA would be much higher than using PREPA personnel, defendant [1] **Ahsha Nateef Tribble** insisted and pressured PREPA executives to give the task to COBRA. COBRA invoiced PREPA under the First COBRA Contract and PREPA paid for the work done at the Monacillos transmissions center on or about February 12, 13, and 14, 2018, approximately $613,909.29.

58. On February 23, 2018, **[2] Donald Keith Ellison**, through *********5@gmail.com, forwarded an email with the subject line *"NYC Apartment/Broker Introduction"* to **[1] Ahsha Nateef Tribble's** personal email, at ********3@gmail.com, and stated, *"Please reach out to Jay about your needs."*

59. On March 20, 2018, **[1] Ahsha Nateef Tribble,** through ******.*******@fema.dhs.gov, forwarded an email to **[2] Donald Keith Ellison**, at ********@mammothenergy.com, containing two attachments, *"Vieques Update 17 Mar 18.pdf"* and *"Vieques Update 17 Mar 18 OUO Section.pdf."* Defendant **[1]** Ahsha Nateef Tribble stated the following in the email, *"From the UCG discussion today."*

60. On March 22, 2018, **[1] Ahsha Nateef Tribble** sent an email, through ********3@gmail.com to **[2] Donald Keith Ellison's** personal email, at *********5@gmail.com, stating **[1] Ahsha Nateef Tribble** desire to take care of **3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, inquiring about **[2] Donald Keith Ellison's** intent toward defendant **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, and **[1] Ahsha Nateef Tribble's** concerns that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo's** salary was inadequate for a move to New York. **[2] Donald Keith Ellison** responded to **[1] Ahsha Nateef Tribble** and stated,

> *"I ran into JoJo last night at Ben & Jerry's. I asked her directly if she was serious. She said yes, I told her to get with Michelle to start the paperwork. I was dead serious and sincere when I said I would take care of her. She will be our rotation coordinator located here in PR to start with."*

61. On March 24, 2018, **[1] Ahsha Nateef Tribble** sent an email, through ********3@gmail.com with the subject line *"Connecting you by gmail"* to **[3] Jovanda R.**

Page **19** of **48**

Patterson a/k/a Jo a/k/a Jojo, at ***************n@gmail.com, and **[2] Donald Keith Ellison**, at *********5@gmail.com stating, "*Jo – Per our convo. Sent from my iPhone.*"

62.      On March 24, 2018, **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, through ***************n@gmail.com, sent an email to **[2] Donald Keith Ellison**, at *********5@gmail.com, stating, "*Hey Sir, I wanted to reach out to get information before I text Michelle. I know your busy so I truly hate to bother you.*"

63.      On March 28, 2018, [1] **Ahsha Nateef Tribble** sent an email to a FEMA official advising of her scheme to use a PREPA memorandum of understanding to provide repair services to an area known as Roosevelt Roads.

64.      On March 30, 2018, **[2] Donald Keith Ellison** sent an email, through *********5@gmail.com, to [1] **Ahsha Nateef Tribble**, at ********3@gmail.com, with a Microsoft Word Document attached termed "*PR Electrical Grid –Standardization Modernization and Hardening of Infrastructure (Draft in Process).*" On March 30, 2018, [1] **Ahsha Nateef Tribble** responded, "*This is fantastic. Thank you. I have some comments in the attached just for clarification. Then I want to push a little more on the pros/cons of a COOP model. I will write it and share it for comment. Will you be in early enough to meet the FEMA Administrator (your fellow southerner) on Thursday?*" Attached to the email was a Microsoft Word Document titled "*PR Electrical Grid –Standardization Modernization and Hardening of Infrastructure (Draft in Process)_AT*".

65.   On or about April 4, 2018, **[1] Ahsha Nateef Tribble** documented that she proposed a redesign of the Vieques distribution system to FEMA and PREPA officials with more standardized voltages, more resilient poles and new wire.

66.   On April 7, 2018, **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** received personal emails at ********3@gmail.com and *********5@gmail.com, from [3] **Jovanda R. Patterson a/k/a Jo a/k/a Jojo**'s personal email account, **********i@gmail.com, stating, "*Thank you both for everything!!! My day will be great when I get a picture of Ahsha getting her treatment today please. J Patterson.*" On April 7, 2018, **[2] Donald Keith Ellison** responded to the group, "*I'm on it. I will get her down there at 1pm.*"

67.   On April 8, 2018, **[1] Ahsha Nateef Tribble**, through ********3@gmail.com, forwarded an email communication sent to Individual C, to **[2] Donald Keith Ellison**, at ********@mammothenergy.com **[1] Ahsha Nateef Tribble's** original email to Individual C stated, "*This is a draft but you can see where we are going.*" The email had a Microsoft Word Document attached titled, "*PR Electrical Grid – Standardization Modernization and Hardening of Infr...*"

68.   On   April   8,   2018,   **[1]   Ahsha   Nateef   Tribble,**   using *****.*******@fema.dhs.gov, sent an email to several persons including **[2] Donald Keith Ellison**, at ********@mammothenergy.com, stating:

> *After several conversations over the last few days, I need have a meeting with this group regarding Vieques. There is a lot happening around us and we need to be in sync on moving forward. We have an opportunity to do what is right for the citizens of Vieques and PR and instill confidence in our future reconstruction effort. I would like this group to meet as soon as possible. There is a hearing in DC on April 11 and on Friday there is a local hearing in Vieques both on PREPA. I really want to*

*settle on a path forward with this team or clearly define the roadblocks.*
*Please let me know if Monday at 5:00pm works.*

69.     On     April     10,     2018,     **[1]**     **Ahsha**     **Nateef**     **Tribble,**     using
*****.*******@fema.dhs.gov,     sent     an     email     to     **[2]** **Donald** **Keith** **Ellison,**     at
********@mammothenergy.com forwarding an email she received on March 27, 2018, with
Facts Sheets for the restoration of Vieques and Culebra. One of the documents referenced in the
forwarded e-mail was listed as "Official Use Only" and was not meant to be shared with the public.

70.     On April 15, 2018, **[1] Ahsha Nateef Tribble** sent an email from
********3@gmail.com to **[2] Donald Keith Ellison,** at *********5@gmail.com, referencing
several matters to be undertaken and ending with the following request: "*...please keep me posted
on any movement on RFP. If nothing by Tuesday I will start pushing amendment.*"

71.     On April 16, 2018, **[2] Donald Keith Ellison** sent an email, through
********@mammothenergy.com, to **[1] Ahsha Nateef Tribble's** personal email account,
********3@gmail.com, concerning the Puerto Rico Electrical Grid Standardization,
Modernization, and Hardening. **[2] Donald Keith Ellison** stated in the email, "*I am about to send
an email to AEP and Oncor asking the questions and tying you into the conversation. If that's ok?*"

72.     On     April     21,     2018,     **[2]**     **Donald**     **Keith**     **Ellison,**     through
********@mammothenergy.com, sent defendant **[1] Ahsha Nateef Tribble** an email at
*****.*******@fema.dhs.gov, with a FEMA Project Worksheet balance Microsoft Excel
workbook attached and stated, "*Check out the tab labeled amendment 6. It is a big number if we
want to fund the additional labor and cover the material for Vieques and culebra. $500mm.*" On
April 21, 2018, **[1] Ahsha Nateef Tribble** responded to **[2] Donald Keith,** "*I have it but I need a*

Page 22 of 48

burn rate vs number of people. And we need to decide if the 110T/200D is the right mix. Also, if we have to break out Vieques and Culebra what is it?"

73.     On May 21, 2018, **[1] Ahsha Nateef Tribble**, through ********3@gmail.com, sent an email to **[2] Donald Keith Ellison** at *********5@gmail.com, stating, "*Since we don't have a plan, do you want to fly to Miami tomorrow morning at 0630 for the day? The return is at 5:55p per your suggestion.*"

74.     On June 1, 2018, Individual E, COBRA Director of Human Resources and Administration emailed **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, at **************n@gmail.com, an *"Offer Letter"* which tendered a job offer in Business Development for Cobra Logistics and the compensation attached to the offer. The Offer of Employment letter attached to the electronic message outlined **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**'s annual salary as $160,000.00 with bonus opportunity up to 30% of her annual salary, plus per diem bringing her potential compensation to $274,000. As of January 7, 2018, **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**'s annual FEMA salary was less than $100,000.00.

75.     On June 2, 2018, **[1] Ahsha Nateef Tribble**, through ********3@gmail.com, sent an email to **[2] Donald Keith Ellison**, at *********5@gmail.com stating, "*What else needs to happen besides my draft below. See Jim's email below that. Here are the things that need to happen: 1)get further along in engineering with certification from a PR engineer. That is underway by TRC and Cobra.?? 2)get the PW funded (3-4 weeks). 3)cobra to order materials (need approval from PREPA). 4)Cobra needs a work release from PREPA. 5) you should see a larger presence on the island by....*"

Page **23** of **48**

76.     On June 3, 2018, **[1] Ahsha Nateef Tribble** forwarded a chain of emails between her and a PREPA consultant regarding monies PREPA owed COBRA, through *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com. The subject on the email was *"$200M behind in payment to Cobra – stop work looming again"*. On June 3, 2018, **[1] Ahsha Nateef Tribble** forwarded that email chain, through ********3@gmail.com to **[2] Donald Keith Ellison**, at *********5@gmail.com.

77.     On June 8, 2018, **[1] Ahsha Nateef Tribble**, through ********3@gmail.com, sent an email to **[2] Donald Keith Ellison**, at *********5@gmail.com stating, *"Just in case you wanted to know: Monday: I land at noon, have one meeting and then will meet you at your hotel at or before 3:00pm. After dinner I will go to the airport to catch my 10:00pm flight to NY. Tuesday: (in NY for day). I land in DC at 6:45pm. I will come find you for a bit then got to my hotel. Weds: 0800 flight to SJU Is this good with you?"* On June 9, 2018, **[2] Donald Keith Ellison** responded, *"This is very good! Enjoy your day with your mom. Ignore your phone and relax!"*

78.     On or about June 15, 2018, **[1] Ahsha Nateef Tribble** instructed, advised, and pressured PREPA personnel to utilize an independent consultant's findings to establish voltage levels for a work plan being developed for Vieques rather than PREPA's own assessment.

79.     On July 13, 2018, defendant **[1] Ahsha Nateef Tribble** flew from Luis Munoz Marin International Airport ("SJU") located in San Juan, Puerto Rico to Orlando International Airport ("MCO") located in Orlando, FL.

80.     On July 17, 2018, [2] **Donald Keith Ellison** flew from Panama City Beach, FL ("ECP") to MCO and picked up a rental car from Hertz Rental Cars upon arrival with a drop off location of Miami International Airport ("MIA").  On July 17, 2018, defendant [1] **Ahsha Nateef Tribble** utilized Uber to travel to MCO.  On July 17, 2018, [2] **Donald Keith Ellison** checked into the Conrad Ft. Lauderdale hotel ("CONRAD") located in Fort Lauderdale, FL.

81.     On July 18, 2018, defendant [1] **Ahsha Nateef Tribble** made a debit card purchase at the CONRAD.  On July 18, 2018, [2] **Donald Keith Ellison** purchased an American Airlines one-way ticket for defendant [1] **Ahsha Nateef Tribble** from MIA to MCO. The credit card used to purchase the ticket was [2] **Donald Keith Ellison**'s Capital One Quicksilver MasterCard #XXXX XXXX XXXX 5189.

82.     On July 19, 2018, [2] **Donald Keith Ellison** checked out of the CONRAD and on the same day defendant [1] **Ahsha Nateef Tribble** checked into the JW Marriot Marquis located in Miami, FL.

83.     On July 20, 2018, [2] **Donald Keith Ellison** returned the Hertz Rental Car to MIA.  [2] **Donald Keith Ellison** boarded Delta flight 1987 from MIA to Atlanta, GA. [1] **Ahsha Nateef Tribble** boarded the American Airlines Flight 1362 from MIA to MCO, which [2] **Donald Keith Ellison** purchased.

84.     On July 22, 2018, [1] **Ahsha Nateef Tribble** forwarded an email, through ********3@gmail.com, to [2] **Donald Keith Ellison**, at *********5@gmail.com, regarding the reconstruction project on Vieques and stated, *"Sending again. Jim is trying to help. Need to make*

that relationship in Vieques.  Environmental will be our biggest issue.  Also there is another
opportunity for the hearing.  Need a quick call on this."

85.     On or about August 8, 2018, [1] **Ahsha Nateef Tribble** emailed a FEMA
official and instructed the official to provide necessary data for COBRA to perform repair work at
Roosevelt Roads.

86.     On or about August 12, 2018 and August 13, 2018, [1] **Ahsha Nateef Tribble**
emailed a FEMA official and instructed the official that PREPA had no authority in the obligation
amount associated with repair work at Roosevelt Roads because the amount was established
between FEMA and LRA.

87.     On or about August 20, 2018, [1] **Ahsha Nateef Tribble** received a text
message from a FEMA employee under her supervision.  The text stated "*Hey Boss.  Meeting at
RR with all players.  Agreement on scope with 1 sub station.  Concern:  Cobra is saying $9mil.
RFP came in at $2.8 and $6mil.  How do we proceed*"?.  That same date [1] **Ahsha Nateef Tribble**
sent [2] **Donald Keith Ellison** the following text message: "*Please help me on this.  From my
employee: Hey Boss.  Meeting at RR with all players.  Agreement on scope with 1 sub station.
Concern:  Cobra is saying $9mil.  RFP came in at $2.8 and $6mil.  How do we proceed*"?

88.     On September 8, 2018, [2] **Donald Keith Ellison** purchased $3,000 in casino
chips at the Casino Del Mar, Puerto Rico.  Surveillance footage from the Casino on September 8,
2018 showed [1] **Ahsha Nateef Tribble** and [2] **Donald Keith Ellison** in the casino together at
the cash cage as well as the gambling tables.

89.     On or about November 8, 2018, [1] **Ahsha Nateef Tribble** emailed a FEMA official and instructed that assistance be provided to COBRA to invoice for repair work performed at Roosevelt Roads.

90.     On September 14, 2018, [1] **Ahsha    Nateef    Tribble,**    at *****.*******@fema.dhs.gov, received an email from a PREPA official titled Meeting Notes – Call with FEMA and PREPA RE: Vieques Distribution Permanent Work.  The email stated the topics discussed during the call included whether PREPA wanted to use COBRA for the project on   Vieques.    On  September  14,  2018,  [1]  **Ahsha   Nateef   Tribble,**  through *****.*******@fema.dhs.gov, forwarded the email to her personal email account, at ********3@gmail.com.   [1] **Ahsha Nateef Tribble** then forwarded the email, through ********3@gmail.com   to   [2]   **Donald   Keith   Ellison's**   personal   email,   at *********5@gmail.com.

91.     On or about November or December of 2018, [2] **Donald Keith Ellison** made arrangements to provide [1] **Ahsha Nateef Tribble** with personal security services that [2] **Donald Keith Ellison** paid for.

92.     During the duration of the conspiracy, [2] **Donald Keith Ellison** and [1] **Ahsha Nateef Tribble** exchanged multiple text messages, [1] **Ahsha Nateef Tribble,** including but not limited to messages sent to and from [1] **Ahsha Nateef Tribble's** telephone number ending in 5384 such as the following:




**[1] Ahsha Nateef Tribble**

Finished amendment approval!!!
BUT...I asked them to add materials
and $$. Meeting at 3pm to discuss.
Told them if it takes more than 24
hrs to approve drop materials push
forward original amendment
tonight.

You are rwin some, but you know
that

**[2] Donald Keith Ellison**

**[1] Ahsha Nateef Tribble**

Tried for $500m and six months
and lost. But only because no one
knows how the cost share
adjustment will shake out. We will
revisit in 2 weeks.

That will work

**[2] Donald Keith Ellison**

**[1] Ahsha Nateef Tribble**

I just asked all of us to CYA because
we know we are getting to get to
March and stuff won't be done.
Let's not have to stop work if we
can avoid it.  It is ultimately bad for
the people and we can't loose sight
of that.



Screenshot of iMessage Message #1:

**Page 28 of 48**

**[1] Ahsha Nateef Tribble**

**[1] Ahsha Nateef Tribble**

**[1] Ahsha Nateef Tribble**



Amendment good, I have a meeting on payment tomorrow.

It is going to take a minute for them to catch up to $200M

Just popped off on Fernando. Now after Todd for invoices.

I just need $300-400mm and the amendment, I have two weeks of cash in me.

**[2] Donald Keith Ellison**

Okay. I'm on it.

Stop popping off!!!!! Love you for doing it. And yes ride or die but do not hurt your self. You have a team to take care of too!!!

**[2] Donald Keith Ellison**

Call me before you pass out.

Screenshot of iMessage Message #2:



Screenshot of iMessage Message #3:

93.      On December 24, 2018, **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** exchanged Apple iMessages in relation to **[1] Ahsha Nateef Tribble** using his credit card for travel expenses.



94.      [1] **Ahsha Nateef Tribble's** iCloud Photo Library contained a photograph of the front and back of [2] **Donald Keith Ellison's** personal credit card.

95.      [2] **Donald Keith Ellison's** iCloud Photo Library contained a photograph of Company B's Request for Proposal, Contractor's Rate Schedule.  The Contractor's Rate Schedule included reference to PREPA and RFP 77844.   Company B submitted a proposal in response to RFP-77844 and was a competitor to COBRA.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO through FIVE
### Honest Services Wire Fraud
#### Title 18, United States Code, Sections 1343 and 1346

96.      The General Allegations and the allegations contained in Count One of this Indictment are re-alleged and incorporated herein by reference.

97.      From in or about October 2017 to in or about April 2019, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendants

[1] **Ahsha Nateef Tribble,**
[2] **Donald Keith Ellison,**

and others known and unknown to the Grand Jury did knowingly and willfully devise and intend

to devise a scheme and artifice to defraud and deprive the United States and the citizens of Puerto

Rico, through bribery, of the honest services of [1] **Ahsha Nateef Tribble,** a public official, in

violation of Title 18, <u>United States Code,</u> Sections 1343, and 1346.

## PURPOSES OF THE SCHEME

The purposes of the scheme included, but were not limited to, the following:

98.       For [1] **Ahsha Nateef Tribble** to enrich herself by soliciting and accepting

bribes in exchange for using her official position as a FEMA, Region II, Deputy Regional

Administrator, Sector Lead, and Recovery Manager to benefit [2] **Donald Keith Ellison,** President

of COBRA, by influencing, advising, and pressuring PREPA executives, Company A employees,

and FEMA employees so as to advance COBRA's interests and secure favorable treatment for

COBRA in connection with the contracts signed between PREPA and COBRA, the payment of

work billed under the contracts, and work assigned by PREPA to COBRA pursuant to those

contracts.

99.       For [2] **Donald Keith Ellison** to enrich himself and COBRA by paying bribes

to [1] **Ahsha Nateef Tribble,** in exchange for the use of her authority as a FEMA, Region II,

Deputy Regional Administrator, Sector Lead, and Recovery Manager.

## MANNERS AND MEANS

The manners and means by which the Defendants and others carried out the scheme

included, but were not limited to, the following:

Page 32 of 48

100.    **[1] Ahsha Nateef Tribble** solicited and obtained, both directly and indirectly, for personal gain, things of value from **[2] Donald Keith Ellison**, including airfare, ground transportation, helicopter flights, hotel rooms, meals, entertainment expenses for **[1] Ahsha Nateef Tribble** and another individual at the suggestion and behest of **[1] Ahsha Nateef Tribble**, employment for an individual at the behest of [1] Ahsha Nateef Tribble, and personal security services for **[1] Ahsha Nateef Tribble**.

101.    **[2] Donald Keith Ellison** directly or indirectly gave, offered, and promised things of value to **[1] Ahsha Nateef Tribble**.

102.    **[1] Ahsha Nateef Tribble** used and agreed to use her official authority as a FEMA, Region II, Deputy Regional Administrator, Sector Lead, and Recovery Manager, to:

  a. influence, provide advice to, and exert pressure on PREPA executives, including but not limited to the Chief Executive Officer, and Directors of different PREPA divisions, so that PREPA would accelerate payments to COBRA, assign tasks to COBRA instead using PREPA employees to complete said tasks, and use COBRA in restoration tasks to the exclusion of any other contractor;

  b. influence, provide advice to, and exert pressure on employees of a PREPA consultant company (hereinafter referred to as Company A), knowing and intending that such advocacy, advice, and pressure would be the basis for the advocacy, advice, and pressure Company A employees would in turn exert upon PREPA executives, so that PREPA would accelerate payments to COBRA.

    c. influence, provide advice to, and exert pressure on FEMA employees concerning FEMA procedures for the approval of FEMA reimbursement assistance for COBRA work under the First and Second COBRA Contracts with PREPA.

    d. provide **[2] Donald Keith Ellison** with information obtained through her position as a public official and which would not have been readily accessible to COBRA otherwise.

103. **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** concealed and attempted to conceal **[1] Ahsha Nateef Tribble's** receipt and acceptance of bribes from **[2] Donald Keith Ellison** by paying with credit cards in the name of **[2] Donald Keith Ellison** in his personal capacity or as COBRA President.

104. **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** concealed and attempted to conceal their actions by communicating through private email accounts, **[1] Ahsha Nateef Tribble's** private cellular number, a prepaid disposable cellular number, Apple iMessages, SMS texts, and photographs, rather than through **[1] Ahsha Nateef Tribble's** FEMA issued email account or FEMA issued cellular telephone.

## ACTS IN FURTHERANCE OF THE SCHEME

105. In furtherance of the scheme to defraud, and to accomplish its purposes, **[1] Ahsha Nateef Tribble, [2] Donald Keith Ellison,** and others known and unknown to the Grand Jury committed in the District of Puerto Rico and elsewhere the acts set forth in Paragraphs 51 to 95 of this Indictment, which are realleged as through fully set forth herein.

## EXECUTION OF THE SCHEME

106.   The General Allegations and the allegations contained in Count One of this Indictment are re-alleged and incorporated herein by reference.

107.   On or about the dates listed below, in the District of Puerto Rico and elsewhere, the defendants [1] **Ahsha Nateef Tribble**, [2] **Donald Keith Ellison**, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings and signals, as more specifically described below:

| COUNT | DATE | WIRES |
|---|---|---|
| 2 | February 9, 2018 | [1] **Ahsha Nateef Tribble,** forwarded an email she received at her FEMA email address *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com.   Defendant [1] Ahsha Nateef Tribble forwarded the email, through ********3@gmail.com to [2] **Donald Keith Ellison,** at ********@mammothenergy.com. The email was sent by a PREPA consultant, Individual B, titled Submission: Cobra Contract Amendment No.5 Review Request. |
| 3 | June 3, 2018 | [1] **Ahsha Nateef Tribble** forwarded a chain of emails between her and a PREPA consultant regarding monies PREPA owed COBRA, through *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com.   The subject on the email was "$200M behind in payment to Cobra – stop work looming again".   [1] **Ahsha Nateef Tribble** then forwarded that email chain, through ********3@gmail.com to [2] **Donald   Keith   Ellison,** at *********5@gmail.com. |
| 4 | July 22, 2018 | [1] **Ahsha   Nateef   Tribble** forwarded an email, through ********3@gmail.com, to [2] **Donald   Keith   Ellison,** at *********5@gmail.com, regarding the reconstruction project on Vieques and stated, *"Sending again.  Jim is trying to help.  Need to make that relationship in Vieques.  Environmental will be our biggest* |

| COUNT | DATE | WIRES |
|-------|------|-------|
|       |      | issue. Also there is another opportunity for the hearing. Need a quick call on this." |
| 5 | September 14, 2018 | On [1] **Ahsha Nateef Tribble**, at *****.*******@fema.dhs.gov, received an email from a PREPA official titled Meeting Notes – Call with FEMA and PREPA RE: Vieques Distribution Permanent Work. The email stated the topics discussed during the call included whether PREPA wanted to use COBRA for the project on Vieques.   On September 14, 2018, [1] **Ahsha Nateef Tribble**, through *****.*******@fema.dhs.gov, forwarded the email to her personal email account, at ********3@gmail.com.   [1] **Ahsha Nateef Tribble** then forwarded the email, through ********3@gmail.com to [2] **Donald Keith Ellison's** personal email, at *********5@gmail.com. |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT SIX
### DISASTER FRAUD
### Title 18, United States Code, Sections 1040 and 2

108.     The General Allegations and the allegations contained in Count One of this

Indictment are re-alleged and incorporated herein by reference.

109.     From in or about October 2017 to in or about April 2019, within the District of

Puerto Rico, and elsewhere within the jurisdiction of this Court, defendants

**[1] Ahsha Nateef Tribble,**
**[2] Donald Keith Ellison,**

aiding and abetting each other, did knowingly conceal, and cover up a material fact, that is, the receipt and acceptance by public official **[1] Ahsha Nateef Tribble** of things of value offered, and given by **[2] Donald Keith Ellison,** by means of a trick, scheme, and device, to wit:

## THE SCHEME TO DEFRAUD

110.     **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** concealed and attempted to conceal from PREPA, and FEMA, **[1] Ahsha Nateef Tribble's** receipt and acceptance of things of value from **[2] Donald Keith Ellison.** The defendants knew that the said fact was material insofar as:

> a. pursuant to Article 21 of the First COBRA Contract and the Second COBRA Contract, COBRA had the continuous obligation to disclose to PREPA all information and circumstances of its relations with clients and third persons and any interest which could reasonable influence PREPA when executing the contract or during its term, and
>
> b. as a FEMA employee, [1] **Ahsha Nateef Tribble** was subject to the general prohibition on that she could not, directly or indirectly solicit or accept a gift from a prohibited source; or solicit or accept a gift to be given because of her official position. 5 C.F.R. § 2635.202(a) and (b).

111.     Said scheme occurred in a matter involving a benefit, to wit: the FEMA reimbursement of monies pursuant to the Public Assistance Program for work paid or to be paid by PREPA under the First COBRA and Second COBRA Contracts for the restoration of the electric power grid, that was authorized, transported, transmitted, transferred, disbursed, and paid

in connection with FEMA-4339-DR, a major disaster declaration for Puerto Rico under the authority of the Stafford Act, due to damage caused on September 20, 2017 and continuing thereafter, resulting from Hurricane Maria.

### MANNER AND MEANS OF THE SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

112.    Defendant **[2] Donald Keith Ellison** gave, offered, promised, and agreed to give, offer, and promise things of value to **[1] Ahsha Nateef Tribble**, and **[1] Ahsha Nateef Tribble** demanded, sought, received, accepted, and agreed to receive and accept things of value from defendant **[2] Donald Keith Ellison**, to influence **[1] Ahsha Nateef Tribble's** performance of official acts as a FEMA Deputy Regional Administrator, Sector Lead, and Recovery Manager, in connection to COBRA's contracts with PREPA related to electric power grid restoration after Hurricane Maria.

113.    In return, **[2] Donald Keith Ellison** would promise, offer and give **[1] Ahsha Nateef Tribble** a stream of things of value, including airfare, ground transportation, helicopter flights, hotel rooms, meals, entertainment expenses for **[1] Ahsha Nateef Tribble** and another individual at the suggestion and behest of **[1] Ahsha Nateef Tribble**, employment for an individual at the behest of **[1] Ahsha Nateef Tribble**, and personal security services for **[1] Ahsha Nateef Tribble**.

114.    To conceal their actions, **[1] Ahsha Nateef Tribble** frequently communicated and corresponded with **[2] Donald Keith Ellison** using private email accounts, her private cellular

number, a prepaid disposable cellular number, Apple iMessages, SMS texts, and photographs, rather than through her FEMA issued email account or FEMA issued cellular telephone.

115.    **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison** concealed and attempted to conceal **[1] Ahsha Nateef Tribble's** receipt and acceptance of things of value from **[2] Donald Keith Ellison** by paying with credit cards in the name of **[2] Donald Keith Ellison** in his personal capacity or as COBRA President.

### ACTS IN FURTHERANCE OF THE SCHEME

116.    In furtherance of the scheme to defraud, and to accomplish its purposes, **[1] Ahsha Nateef Tribble, [2] Donald Keith Ellison,** and others known and unknown to the Grand Jury committed in the District of Puerto Rico and elsewhere the acts set forth in Paragraphs 51 to 95 of this Indictment, which are realleged as through fully set forth herein.

All in violation of Title 18, United States Code, Sections 1040 and 2.

### COUNTS SEVEN TO TEN
### Travel Act
### Title 18, United States Code, Section 1952(a)(3)

117.    The General Allegations and the allegations contained in Counts One, Two, Three, Four, and Five of this Indictment are re-alleged and incorporated herein by reference.

118.    Within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant

### [1] Ahsha Nateef Tribble

on the dates set forth below, did willfully and knowingly use and cause to be used a facility in interstate and foreign commerce, namely a wire and electronic communication, with the intent to

Page **39** of **48**

promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely bribery contrary to Title 18, <u>United States Code</u>, Section 201(b)(2)(A), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion management, establishment, and carrying on of the above unlawful activity. All in violation of Title 18, <u>United States Code</u>, Section 1952(a)(3).

| COUNT | DATE | WIRES |
|---|---|---|
| 7 | February 9, 2018 | [1] **Ahsha Nateef Tribble,** forwarded an email she received at her FEMA email address *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com.  Defendant [1] Ahsha Nateef Tribble forwarded the email, through ********3@gmail.com to [2] **Donald Keith Ellison,** at ********@mammothenergy.com. The email was sent by a PREPA consultant, Individual B, titled Submission: Cobra Contract Amendment No.5 Review Request. |
| 8 | June 3, 2018 | [1] **Ahsha Nateef Tribble** forwarded a chain of emails between her and a PREPA consultant regarding monies PREPA owed COBRA, through *****.*******@fema.dhs.gov to her personal email address, at ********3@gmail.com.  The subject on the email was "$200M behind in payment to Cobra – stop work looming again".  [1] **Ahsha Nateef Tribble** then forwarded that email chain, through ********3@gmail.com to [2] **Donald Keith Ellison,** at *********5@gmail.com. |
| 9 | July 22, 2018 | [1] **Ahsha Nateef Tribble** forwarded an email, through ********3@gmail.com, to [2] **Donald Keith Ellison,** at *********5@gmail.com, regarding the reconstruction project on Vieques and stated, *"Sending again.  Jim is trying to help.  Need to make that relationship in Vieques.  Environmental will be our biggest issue.  Also there is another opportunity for the hearing. Need a quick call on this."* |

| COUNT | DATE | WIRES |
|-------|------|-------|
| 10 | September 14, 2018 | On [1] **Ahsha Nateef Tribble**, at *****.*******@fema.dhs.gov, received an email from a PREPA official titled Meeting Notes – Call with FEMA and PREPA RE: Vieques Distribution Permanent Work. The email stated the topics discussed during the call included whether PREPA wanted to use COBRA for the project on Vieques.   On September 14, 2018, [1] **Ahsha Nateef Tribble**, through *****.*******@fema.dhs.gov, forwarded the email to her personal email account, at ********3@gmail.com.   [1] **Ahsha Nateef Tribble** then forwarded the email, through ********3@gmail.com to [2] **Donald Keith Ellison's** personal email, at *********5@gmail.com. |

## COUNT ELEVEN
### FALSE STATEMENT
### Title 18, United States Code, Section 1001(a)(2)

119.        On or about March 15, 2019, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant

### [2] Donald Keith Ellison,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating to federal law enforcement agents of the Federal Bureau of Investigation and Department of Homeland Security, Office of Inspector General, during an interview in LaGrange, Georgia regarding activities occurring in and related to the District of Puerto Rico that [2] **Donald Keith Ellison** had no personal relationship with [1] **Ahsha Nateef Tribble** and was only around [1] **Ahsha Nateef Tribble** in relation to business. The statement and representation

was false because, as **[2] Donald Keith Ellison** then and there knew, **[2] Donald Keith Ellison** had a personal relationship with **[1] Ahsha Nateef Tribble** and was with **[1] Ahsha Nateef Tribble** during personal activities including travel, hotel stays, meals, and family activities.   All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWELVE
## FALSE STATEMENT
### Title 18, United States Code, Section 1001(a)(2)

120.       On or about March 15, 2019, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant

### **[2] Donald Keith Ellison,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating to federal law enforcement agents of the Federal Bureau of Investigation and Department of Homeland Security Office of Inspector General during an interview in LaGrange, Georgia regarding activities occurring in and related to the District of Puerto Rico that **[2] Donald Keith Ellison** had not taken a helicopter trip with **[1] Ahsha Nateef Tribble**. The statement and representation was false because, as **[2] Donald Keith Ellison** then and there knew, **[2] Donald Keith Ellison** had taken a helicopter trip with **[1] Ahsha Nateef Tribble** on or about February 7, 2018.  All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THIRTEEN
### Acts affecting personal financial conflicts of interest

**Title 18, <u>United States Code</u>, Section 208**

121.    On or about May 8, 2018, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant

**[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo,**

being a FEMA employee assigned to FEMA restoration efforts in Puerto Rico for the major disaster declaration FEMA-4339-DR, participated personally and substantially as a Government employee through decision, approval, recommendation, the rendering of advise, and otherwise in a proceeding in which she knew COBRA and its affiliates Cobra Energy LLC and Cobra Logistics Holding LLC had a financial interest and that at that time she was negotiating and had an arrangement concerning prospective employment with COBRA and its affiliates, to wit, she received through her FEMA email and completed a customer Past Performance Evaluation for Cobra Logistics that was part of a vendor bid process. All in violation of Title 18, <u>United States Code</u>, Section 208(a).

**<u>COUNTS FOURTEEN TO FIFTEEN</u>**
**<u>Wire Fraud</u>**
**Title 18, <u>United States Code</u>, Section <u>1343</u>**

**<u>SCHEME AND ARTICE TO DEFRAUD</u>**

122.    From in or about March 2018 through July 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

**[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo,**

Page 43 of 48

the defendant herein, devised and intended to devise a scheme to defraud Mammoth Energy Services, Inc. and its wholly owned subsidiaries Cobra Energy LLC and Cobra Logistics Holdings, LLC, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

123.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** communicated with employees of Cobra Energy LLC via interstate wire regarding potential employment with Mammoth Energy Services, Inc. and its wholly owned subsidiaries.

124.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** provided materially false information and misrepresentations regarding her then-current FEMA salary via telephone to an employee of Cobra Energy LLC.

125.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** misrepresented that her FEMA salary was calculated based on the Office of Personnel Management's General Schedule ("GS") Pay Table at GS 14 Step 10 when in fact it was GS 12 Step 4.

126.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** materially misrepresented her FEMA salary to be higher than it actually was.

127.    It was part of the scheme and artifice to defraud that the true and accurate FEMA salary of **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**, was concealed and withheld from

employees of Mammoth Energy Services, Inc., Cobra Energy LLC, and Cobra Logistics Holdings, LLC.

128.    It was part of the scheme and artifice to defraud that an inflated and false FEMA salary was utilized to induce Mammoth Energy Services, Inc. and its wholly owned subsidiaries to make a salary offer at a competitive and comparative level.

129.    It was part of the scheme and artifice to defraud that email communications via interstate wire were utilized to communicate regarding the salary to be offered to **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo**.

130.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** received an offer via email on or about June 1, 2018 to serve in the position of Business Development for Cobra Logistics with a starting salary of $160,000 plus 30% bonus.

131.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** accepted the offer via email on or about June 5, 2018.

132.    It was part of the scheme and artifice to defraud that **[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo** began working for Cobra Energy in or about July 2018.

133.    On or about each of the dates set forth below, in the District of Puerto Rico,

**[3] Jovanda R. Patterson a/k/a Jo a/k/a Jojo,**

the defendant herein, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

Page **45** of **48**

| Count | Description | Date |
|-------|-------------|------|
| 14. | Email to ⁀n@gmail.com from Cobra Energy with Subject: "Cobra Offer Letter" containing attached offer letter | June 1, 2018 |
| 15. | Email from ⁀n@gmail to Cobra Energy with subject: "Offer Letter" containing attached signed letter | June 5, 2018 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS
### Title 18 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

1.      The allegations contained in Counts One, Two, Three, Four, and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate Title 18, United States Code, Sections 201, 371, 1343, 1346, the defendants, **[1] Ahsha Nateef Tribble** and **[2] Donald Keith Ellison**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violations.  The property to be forfeited includes, but is not limited to, the following: a

a.      **$1,000,000.00** contained in Charles Schwab & Co., Inc. account # 8933, in the name of Donald Keith ELLISON, seized on April 26, 2019;

b.      **$3,425,512.93** contained in Charles Schwab & Co., Inc. account # 8933, in the name of Donald Keith ELLISON, seized on June 18, 2019;

c.      One (1) **Myco Boat Trailer Vin #1M9BA4031JB817150**;

d.      One (1) **Caterpillar Model D5K2LGP Tractor, Serial Number KYY01200**;

e.      One (1) **Caterpillar Model 320EL Hydraulic Excavator, Serial Number WBK02864**;

f.      **$71,551.40** contained in checking account number ·'6700 at JP Morgan Chase, account is in the name of Donald Keith Ellison;

g.      **$276,583.84** contained in savings account number ·  9077 at JP Morgan Chase, account is in the name of Donald Keith Ellison;

h.      **$100,306.70** contained in savings account number ·  ·2591 at JP Morgan Chase, account is in the name of Keith Ellison and Jakyln F. Garrett;

i.      One (1) **2018 Invincible 40-foot catamaran Hull #IVBC0035B818**;

j.      One (1) **2018 Ford F-150 "XL" crew cab pickup truck, VIN #1FTEW1E50JFB847873.**

If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

Page 47 of 48

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

ROSA E. RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

TRUE BILL

Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Chief, Criminal Division

FOREPERSON
Dated: 2-5-2019

Seth Erbe
Assistant U.S. Attorney

Page **48** of **48**